IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RHONDA BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4125-CV-C-NKL |
| | ) | |
| CENTRALIA R-VI | ) | |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Rhonda Ball ("Ball") brought this action against Defendant Centralia R-VI School District ("District") under 42 U.S.C. § 1983. She alleges violations of her rights to free expression under the First Amendment and procedural due process under the Fourteenth Amendment to the United States Constitution. The District has moved to dismiss [Doc. # 5], arguing that Ball's complaint fails to state a claim upon which relief can be granted. Ball has moved to amend her complaint [Doc. # 15] to add as a defendant Darin Ford ("Ford"), the District's Superintendent. She also seeks to add a cause of action under Missouri law for wrongful or retaliatory discharge. For the reasons stated herein, the District's motion is granted and Ball's motion is denied.

**I.    Background[1]**

---

[1] The Court treats the allegations in Ball's complaint as true for purposes of the District's motion to dismiss.

1

Until recently, Ball was employed as an administrative assistant and bookkeeper for the District. In 2007, Ball observed that the District had invested a large sum of money in a mutual fund consisting of equity securities. She reported this information to the District's administration and asked "how she was to enter a loss on the books of the [District] because in her previous seventeen years of service none of the [District's] investments had lost money." Ball raised the issue again the following financial quarter. Later in 2007, the District's independent auditor, while conducting the District's annual audit, "asked Ball if she had any questions or comments about the [District's] financial activities." Such inquiries had been "a regular part of the [District's] audit for many years." In response, Ball asked the auditor about the legality of the District's investment of "public funds in securities in which the principal invested was at risk[,]" and told the auditor about the mutual fund investments. She also asked the auditor how to record any losses on the District's books.

Later, in August, 2007, on the first day of classes of the school year, Superintendent Ford discharged Ball, telling her that "he considered [her] to be disloyal for questioning investment decisions and reporting the matter to the [District's] auditor." Ford had a police officer assigned to escort Ball to her office to gather her belongings and then removed her from the building, "all in the presence of the School's faculty, staff, students and members of the public on premises[.]"

In Count I of Ball's complaint, she alleges that she was discharged in retaliation for her exercise of her right of expression under the First Amendment. In Count II, she alleges that:

> "[b]y having the School's uniformed police officer escort [her] out of Ford's office and off of the School's grounds at the time Ford discharged [her], Ford communicated to the faculty, staff, students and the public that [she] had done something illegal, dishonest or threatening to the safety of the School, which [she] denied, thereby causing [her] to be held in lower regard by the members of her community and negatively impacting her ability to gain comparable employment in the area."

(Compl. ¶ 13). Ball alleges that she was entitled to a name-clearing hearing, which the District twice refused her.

## II. The District's Motion to Dismiss

In reviewing the District's Rule 12(b)(6) motion to dismiss, the Court must view the allegations in the light most favorable to Ball. *See Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). The Supreme Court recently revised the motion to dismiss standard, explaining that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). This does not require heightened fact pleading, but plaintiff must allege enough facts to "nudge [ ] their claims across the line from conceivable to plausible." *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S.Ct. at 1969.

### A. Ball's First Amendment Retaliation Claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48

3

(1988).  Public employees have a First Amendment right "in certain circumstances, to speak as a citizen in addressing matters of public concern." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1957 (2006) (citing *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563, 568 (1968)).  Courts apply *Pickering*'s two-part test to determine whether a public employee's speech is constitutionally protected.  *See Bradley v. James*, 479 F.3d 536, 538 (8th Cir. 2007).  Under the first part of that test, the court asks whether the public employee spoke: (1) as a citizen, rather than as an employee; (2) on a matter of public concern.  *Id.*

The District argues that Ball fails to state a claim in Count I because, with respect to the speech for which Ball was terminated: (1) Ball did not speak as a citizen; and (2) Ball's speech was not on a "matter of public concern."

Ball alleges that she was fired by the District because of statements she made, allegedly on a matter of public concern.  To state a claim for violation of her free speech rights as a public employee Ball would also have to allege that her questioning of the auditor about the legality of equity investments was made as a concerned public citizen rather than in her capacity as a bookkeeper.  Ball makes no such allegation, and the other allegations in her Complaint demonstrate that her statements were made in her capacity as the District's bookkeeper.

Ball alleged that her job responsibilities included entering profits and losses from the District's investments on the "books."  She further alleged that the District's independent auditor asked her whether she had any questions or comments about the District's financial activities and that this inquiry had been a regular part of the District's annual audit for many

4

years.  Finally Ball alleged that, in response to the auditor's question, she asked him about the legality of the District's equity investments and asked him how to journalize losses.

The only reasonable inference from these allegations is that Ball's statements made to the auditor about the District's finances were made pursuant to her job duties as bookkeeper.  Her questions about journalizing losses were clearly within the scope of her job duties.  While it is not as clear that statements regarding the legality of District's investments were per se within the scope of her duties, her statements were only made in response to a question by the auditor, and that question to Ball was a regular part of the District's annual audit.  Absent some specific allegation by Ball that she was answering this question as a private citizen, her first amendment claim is not plausible on its face.

Ball is not required to identify in her pleading each job duty she has to support her claim that questioning the auditor on this subject was not part of her job duties, but she is required to allege "enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  On the allegations in her Complaint, it is simply not plausible that discussing the District's finances with the auditor in response to the auditor's routine questions was outside the scope of Ball's duties as the District's bookkeeper.  Ball's Count I fails to state a first amendment retaliation claim.

### B. Ball's Due Process Claim

Count II of Ball's Complaint alleges that the District violated Ball's due process rights by having a uniformed police officer escort her out of Superintendent Ford's office and off of school grounds when she was discharged.  Ball claims she was entitled to a name-clearing

5

hearing because being escorted by the police raised the inference that she was a criminal.

Ball purports to assert a "stigma-plus" claim. *See Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). To assert such a claim, a plaintiff must allege: "(1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; [and] (3) the defamatory statement was made public[.]" *Id.* In its motion to dismiss, the District asserts that Count II fails to state a "stigma-plus" claim because it alleges no "statement." In response, Ball argues that "spoken or written words" are unnecessary, and that the District's conduct in having Ball escorted out of the school by a uniformed police officer was sufficient to communicate a defamatory message to witnesses.

Count II fails to allege any defamatory statement that resulted in a stigma, a necessary element of a "stigma-plus" claim. While Ball claims that the District's actions constituted a defamatory statement, each of the cases she cites for this proposition involved an official making either oral or written defamatory statements. *See Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Allen v. City of Pocahontas*, 340 F.3d 551 (8th Cir. 2003); *Hill v. Borough of Kutztown*, 455 F.3d 225 (3rd Cir. 2006).

Furthermore, the Eighth Circuit Court of Appeals has ruled that "[u]nsatisfactory performance or general misconduct are insufficient to create a stigma that implicates an employee's liberty interest in his reputation." *Mascho v. Gee*, 24 F.3d 1037, 1039 (8th Cir. 1994) (citations omitted). It has "rejected . . . claim[s] that such stigma might be created by innuendo from inferences drawn from general allegations of misconduct and

6

insubordination." *Id.* (citing *Shands v. City of Kennett*, 993 F.2d 1337, 1347 (8th Cir. 1993)).

In this case, Ball claims that the District's conduct led others to wrongly believe she had committed some illegal act simply because an uniformed police officer escorted her from the building. Assuming that the District's conduct in having Ball removed by a uniformed police officer communicated anything, it communicated generally that she could no longer remain on the premises. Such a general "statement" would not be stigmatizing enough to form the basis of a "stigma-plus" claim. It would be pure speculation to find that observers would reach the conclusion that the District was stating that Ball was a criminal simply because she was escorted from the building by a policeman. Count II fails to state a claim upon which relief could be granted.

**III.    Ball's Motion to Amend and Join a Party**

While leave to amend is to be liberally granted under Rule 15(a) of the Federal Rules of Civil Procedure, the Court may deny leave to amend where amendment would be futile. *See In re Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) (citation omitted). When a court denies leave to amend "on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand" a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) (citations omitted). Ball proposes to add a new party, Darin Ford, the District's Superintendent, and a new cause of action for "Wrongful Discharge/Retaliatory Discharge Under Missouri Law."

The proposed amendment makes no changes to Counts I or II other than adding Ford

7

as a defendant. Therefore, for the reasons discussed above, Counts I and II of the proposed amended complaint would fail to state claims upon which relief could be granted, and Ball's amendments would be futile as to these Counts.

Count III of Ball's proposed Amended Complaint would add a state law claim. The Court has dismissed both of Ball's federal claims and declines to exercise supplemental jurisdiction over this claim arising under Missouri law.

Ball's motion to amend is denied.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Defendant Centralia R-VI School District's Motion to Dismiss [Doc. # 5] is GRANTED. It is further

ORDERED that Plaintiff Ball's Motion for Leave to Amend and Join a Party [Doc. # 15] is DENIED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 25, 2008
Jefferson City, Missouri